**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| **LAUREN WENTWORTH PROPERTIES LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:25-cv-115–WLS** |
| | : | |
| **AUTO OWNERS INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. 10) and Request for Oral Argument (Doc. 11) with respect thereto. Plaintiff asks the Court to Order the above-styled action, in its entirety, remanded to the Superior Court of Clinch County, Georgia, wherein the action was originally filed on the grounds that the Court lacks diversity subject matter jurisdiction. Also before the Court is Defendant's Motion to Dismiss (Doc. 7) ("Motion to Dismiss") and Request for Oral Argument (Doc. 8) with respect thereto. The Court addresses each motion in turn below.

## I.    MOTION TO REMAND

Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1447(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant

1

federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

Congress has granted federal district courts jurisdiction to hear cases between citizens of different States which involve an amount in controversy exceeding $75,000, excluding interest and costs. 28 U.S.C. § 1332. "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Because Plaintiff stipulates and affirms by affidavit that damages do not exceed $75,000, the allegations and briefing make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.

In its Motion to Remand Plaintiff asserts that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332 for federal court diversity jurisdiction. Defendant filed a Response (Doc. 18) in which it asserts that it believes the amount in controversy exceeds $75,000. However, Plaintiff states in its Motion to Remand that it limits its total damages to $75,000 or less. (Doc. 10 at 2, 5). Further, it provided an Affidavit of Daniel Michael Galvin, its Managing Member (Doc. 10-1) ("Galvin Affidavit"), in which Mr. Galvin states that: "I hereby affirm and stipulate that I do not seek, and will not accept, a total recovery in this action, including compensatory damages, statutory penalties, attorneys' fees, interest, and costs, in excess of **$75,000.00**." (Doc. 10-1 ¶ 3 (emphasis in original)).

Other than a bare assertion and calculations based on speculation, Defendant neither presents nor points to evidence to the contrary. Defendant's calculations are based on Plaintiff's alleged demand for payment that was attached to the Notice of Removal. (Doc. 1-4). Defendant calculates a breach of contract claim of $28,967.08 which includes Plaintiff's $1,000.00 deductible and is thus, already incorrect. (*See id.* at 19). Defendant then adds a bad faith penalty of 50 percent ($14,483.54) and speculates attorney fees of 45 percent ($19,552.78) for a total claim of $63,003.40. Finally, Defendant's addition of $15,000.00 for litigation expenses—on a claim of less than $30,000.00—to arrive at a total amount in controversy of $78,003.40 simply reflect its efforts to create diversity jurisdiction where none exists. This is even clearer, when one considers Defendant's description of litigation expense lists $10,000.00, but Defendant inserts $15,000.00 in the calculation column. Finally, Defendant

does not challenge or question Plaintiff's stipulation to the limitation of the amount in controversy.

Accordingly, for the reasons explained above, Plaintiff's Motion (Doc. 10) is **GRANTED**. The above-styled action is **REMANDED** in its entirety to the Superior Court of Clinch County, Georgia. Further, as the pleadings in the Record and the Parties' briefs were fully adequate for the Court's review, consideration, and resolution, no hearing was necessary with respect to the Motion to Remand. Therefore, the Request for Oral Argument (Doc. 11) related to the Motion to Remand is **DENIED**.

## II.    MOTION TO DISMISS

The Court further finds that, in view of the above ruling, it need not, and cannot, consider the Defendant's Motion to Dismiss (Doc. 7). Accordingly, the Motion to Dismiss (Doc. 7) and Defendant's Motion for Oral Argument (Doc. 8) with respect thereto, are remanded for consideration by the receiving court.

**SO ORDERED**, this 27th day of March 2026

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**